UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN A. FERRANTO,

                          Plaintiff,

-against-

DIANNE Y. TIONGSON-ATIENZA and
LIBERTY HARLEY-DAVIDSON, L.L.C.
a/k/a LIBERTY HARLEY-DAVIDSON/BUELL,

                          Defendants.
------------------------------------------------------------x

07 CIV. 5986

COMPLAINT        JUDGE ROBINSON

JURY TRIAL DEMANDED

## JURISDICTION AND VENUE

1. Plaintiff, JOHN A. FERRANTO, is a citizen of the State of New York and resides at 21 Odessa Road, Town of Carmel, and County of Putnam.

2. Defendant, DIANNE Y. TIONGSON-ATIENZA, is a citizen of the State of New Jersey and resides at 112 Mill Street, Unit 6F, Town of Belleville, and County of Essex.

3. Defendant LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, is a foreign limited liability corporation incorporated and existing under the laws of the State of New Jersey, having its principal place of business in the State of New Jersey, at 12 West Milton Avenue, City of Rahway, and County of Union.

4. The amount in controversy exceeds, exclusive of interest and costs, the sum specified in/by 28 U.S.C. § 1332.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391 (a) (2).

## DEMAND FOR JURY TRIAL

7. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues in this action.

## STATEMENT OF FACTS

8. At all times herein mentioned, Plaintiff, JOHN A. FERRANTO, was the owner and operator of a 2006 Harley Davidson motorcycle bearing New York State Registration number 12FJ56.

9. Upon information and belief, at all times herein mentioned, Defendant, DIANNE Y. TIONGSON-ATIENZA, was the operator of a 2006 Harley Davidson motorcycle bearing New Jersey State Registration number P729W.

10. Upon information and belief, at all times herein mentioned, the Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, was the owner of the 2006 Harley Davidson motorcycle bearing New Jersey State Registration number P729W.

11. Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, permitted and/or enabled the Defendant, DIANNE Y. TIONGSON-ATIENZA, to use the said motorcycle owned by LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL.

12. At all times herein mentioned, Route 301, located in the Town of Carmel, County of Putnam, and State of New York, was and still is a public roadway and/or thoroughfare.

13. On May 27, 2006, on Route 301 in the Town of Carmel, County of Putnam, State of New York, a collision occurred between the motorcycle owned by Defendant LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL and operated by Defendant, DIANNE Y. TIONGSON-ATIENZA, and the motorcycle owned and operated by Plaintiff, JOHN A. FERRANTO.

14. As a result of the subject collision, Plaintiff, JOHN A. FERRANTO, sustained serious, severe, protracted and permanent personal injuries and suffered, suffers and will continue to suffer great pain, medical care, treatment, loss of earnings and loss of quality of life.

## AS AND FOR A FIRST CAUSE OF ACTION

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated "1" through "14", inclusive, with the same force and effect as if hereinafter set forth at length.

16. At all times herein mentioned, the Defendant, DIANNE Y. TIONGSON-ATIENZA, had a duty to exercise reasonable care in the operation of the Defendants' motorcycle.

17. DIANNE Y. TIONGSON-ATIENZA, failed to exercise reasonable care in the operation of the Defendants' motorcycle.

18. At all times herein mentioned, the Defendant, DIANNE Y. TIONGSON-ATIENZA, operated her motorcycle in such a careless, reckless and negligent manner, that she contacted and collided with the Plaintiff's motorcycle.

19. The negligence of Defendant, DIANNE Y. TIONGSON-ATIENZA, was a proximate cause of the injuries sustained by plaintiff, JOHN A. FERRANTO.

20. The subject collision occurred without any carelessness, recklessness or negligence on the part of the Plaintiff contributing thereto.

21. At all times herein mentioned, the Defendant, DIANNE Y. TIONGSON-ATIENZA, violated applicable laws, rules, statutes and ordinances, including but not limited to the Vehicle and Traffic Law of the State of New York, and did thereby cause the injuries sustained by the Plaintiff.

22. The limitations on liability imposed by Article 16 of the Civil Practice Law and Rules do not apply to this cause of action because the cause of action sued upon herein arose by reason of the use, operation and/or ownership of a motorcycle.

23. As a result of the aforementioned negligence of Defendant, DIANNE Y. TIONGSON-ATIENZA, the Plaintiff has sustained serious, severe and permanent personal injuries.

24. As a result of the aforementioned negligence of Defendant, DIANNE Y. TIONGSON-ATIENZA, the Plaintiff has undergone and will continue to undergo medical care and treatment, and will incur future costs for medical care and treatment.

25. As a result of the aforementioned negligence of Defendant, DIANNE Y. TIONGSON-ATIENZA, the Plaintiff has suffered and will continue to suffer economic loss.

26. As a result of the aforementioned negligence, Plaintiff has suffered damages in the amount of Ten Million ($10,000,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated "1" through "26", inclusive, with the same force and effect as if hereinafter set forth at length.

28. Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, entrusted the said motorcycle it owned, to the Defendant, DIANNE Y. TIONGSON-ATIENZA, for her use.

29. Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, permitted the Defendant, DIANNE Y. TIONGSON-ATIENZA, to use the said motorcycle owned by LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL.

30. Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, enabled the Defendant, DIANNE Y. TIONGSON-ATIENZA, to use the said motorcycle owned by LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL.

31. Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, knew or should have known that Defendant, DIANNE Y. TIONGSON-ATIENZA's use of its motorcycle posed an unreasonable risk of harm to others.

32. That at all times herein mentioned, defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, as the owner of the aforesaid 2006 Harley Davidson motorcycle bearing New Jersey State Registration number P729W, owed a duty to exercise reasonable care in entrusting its motorcycle to others, including Defendant, DIANNE Y. TIONGSON-ATIENZA.

33. That at all times herein mentioned, defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, as the owner of the aforesaid 2006 Harley Davidson motorcycle bearing New Jersey State Registration number P729W, breached its duty to exercise reasonable care in entrusting its motorcycle to others, including Defendant, DIANNE Y. TIONGSON-ATIENZA.

34. The injuries and damages sustained and suffered by the Plaintiff, JOHN A. FERRANTO, as a result of the May 27, 2006 collision were the result of the risk created when the Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL permitted and/or enabled the Defendant, DIANNE Y. TIONGSON-ATIENZA to use its motorcycle.

35. The Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL's negligence was a proximate cause of Plaintiff, JOHN A FERRANTO's injuries and damages.

36. The limitations on liability imposed by Article 16 of the Civil Practice Law and Rules do not apply to this cause of action because the cause of action sued upon herein arose by reason of the use, operation and/or ownership of a motorcycle.

37. As a result of the aforementioned negligence of Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, the Plaintiff sustained serious, severe and permanent personal injuries.

38. As a result of the aforementioned negligence of Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, the Plaintiff has undergone and will continue to undergo medical care and treatment, and will incur future costs for medical care and treatment.

39. As a result of the aforementioned negligence of Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, the Plaintiff has suffered and will continue to suffer economic loss.

40. As a result of the aforementioned negligence, Plaintiff has suffered damages in the amount of Ten Million ($10,000,000.00) Dollars.

**AS AND FOR A THIRD CAUSE OF ACTION**

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the Complaint marked and designated "1" through "40", inclusive, with the same force and effect as if hereinafter set forth at length.

42. Upon information and belief, at all times herein mentioned, the Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL,

was the owner of the said 2006 Harley Davidson motorcycle bearing New Jersey State Registration number P729W.

43.     At all times herein mentioned, the Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, had a duty to maintain its said 2006 Harley Davidson motorcycle bearing New Jersey State Registration number P729W in a safe condition.

44.     At all times herein mentioned, the Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, breached its duty to maintain its said 2006 Harley Davidson motorcycle bearing New Jersey State Registration number P729W in a safe condition.

45.     The Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL's negligence in failing to maintain its motorcycle in a safe condition was a proximate cause of Plaintiff, JOHN A FERRANTO's injuries and damages.

46.     The limitations on liability imposed by Article 16 of the Civil Practice Law and Rules do not apply to this cause of action because the cause of action sued upon herein arose by reason of the use, operation and/or ownership of a motorcycle.

47.     As a result of the aforementioned negligence of Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, the Plaintiff sustained serious, severe and permanent personal injuries.

48.     As a result of the aforementioned negligence of Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, the Plaintiff has undergone and will continue to undergo medical care and treatment, and will incur future costs for medical care and treatment.

49.     As a result of the aforementioned negligence of Defendant, LIBERTY HARLEY-

DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, the Plaintiff has suffered and will continue to suffer economic loss.

50. As a result of the aforementioned negligence, Plaintiff has suffered damages in the amount of Ten Million ($10,000,000.00) Dollars.

WHEREFORE, Plaintiff, JOHN A. FERRANTO demands judgment as follows:

1. Against the Defendant, DIANNE Y. TIONGSON-ATIENZA, on the First Cause of Action in the sum of Ten Million ($10,000,000) Dollars, plus costs;

2. Against the Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, on the Second Cause of Action in the sum of Ten Million ($10,000,000) Dollars, plus costs;

3. Against the Defendant, LIBERTY HARLEY-DAVIDSON, L.L.C. a/k/a LIBERTY HARLEY-DAVIDSON/BUELL, on the Third Cause of Action in the sum of Ten Million ($10,000,000) Dollars, plus costs; and

4. Such other and further relief as this Court may deem just and proper.

Dated: Carmel, New York
June 21, 2007

ROBERT A. WEIS, ESQ. (RAW 8139)
The Law Firm of William G. Sayegh, P.C.
Attorney for Plaintiffs
65 Gleneida Avenue
Carmel, New York 10512
(845) 228-4200

DEBORA J. DILLON, ESQ. (DJD2749)
The Law Firm of William G. Sayegh, P.C.
Attorney for Plaintiffs
65 Gleneida Avenue
Carmel, New York 10512
(845) 228-4200

TO:    Dianne Y. Tiongson-Atienza
112 Mill Street, Unit 6F
Belleville, New Jersey 07109

Liberty Harley-Davidson, L.L.C. a/k/a Liberty Harley-Davidson/Buell
12 West Milton Avenue
Rahway, New Jersey 07065