

# SAYEGH LAW

THE LAW FIRM OF WILLIAM G. SAYEGH, P.C.

The Sayegh Building
65 Gleneida Avenue
Carmel, New York 10512
845·228·4200   sayeghlaw.com

William G. Sayegh
Andrew W. Humphreys
Robert A. Weis
Giuseppina R. L ta
Robert A. Cinque
Kenneth S. Rone:
Debora J. Dillon
Clarissa E. Harre l* †
S. Barrett Hickm n,' *
  retired Justice of th Supreme
  Court of the State of New York

* Admitted in Florida
† Florida Office
** Of Counsel

Regina Shaw Ali,
  Executive Administrat uo

October 11, 2007

**BY FACSIMILE (914-390-4085)**
**AND FIRST CLASS MAIL**

The Honorable Charles L. Brieant, U.S.D.J.
United States Courthouse
300 Quarropas Street - Room 275
White Plains, New York 10601

        Re:    Ferranto v. Tiongson-Atienza, et. ano.
              Docket No.:  07 cv 5986 (CLB)

Honorable Sir:

       This firm represents plaintiff, John A. Ferranto, in the above-referenced action. Please recall that the Initial Case Management Conference is presently scheduled for tomorrow, October 12, 2007, at 10:00 a.m. Please further recall that following commencement of this action, defendant Dianne Y. Tiongson-Atienza filed for Chapter 7 bankruptcy protection in the District of New Jersey. Her bankruptcy case number is 07-19914-DHS.

       On October 2, 2007, Your Honor ordered that within ten (10) days, the plaintiff either discontinue this action without prejudice as against defendant Tiongson-Atienza and pursue his claim in the Bankruptcy Court, or file a motion in the Bankruptcy Court for relief from the automatic stay, so as to continue this action against defendant Tiongson-Atienza in the Southern District of New York. I am writing to respectfully provide the Court with the current status of this matter.

       Defendant Tiongson-Atienza filed for Chapter 7 bankruptcy, i.e., liquidation. The plaintiff has been expressly advised by the Bankruptcy Court not to file proof of his claim, unless he receives a notice to do so (which he has not, to date, received) as it is anticipated that there will be no property to pay the creditors. The plaintiff sustained many grievous and permanent injuries due to defendant Tiongson-Atienza's negligence in crossing a double yellow line and striking him head-on, including blindness in one eye, traumatic brain injury with cognitive impairment, numerous fractures requiring numerous surgeries, and he has been rendered unable to return to work as a result of the subject accident. The plaintiff is only 43 years old. The cost of his medical care and treatment to date is in excess of $800,000. Respectfully, the plaintiff cannot agree to pursue his extremely substantial claim against defendant Tiongson-Atienza in Bankruptcy Court, where he is essentially guaranteed to receive nothing for his considerable past and future pain and suffering, and past and future medical expenses.

      Defendant Tiongson-Atienza filed her bankruptcy petition in the District of New Jersey. None of the attorneys in this office are admitted to the New Jersey bar. The applicable New Jersey local rules require that the plaintiff have local (New Jersey) counsel in order to enter an appearance and to file

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 11 2007 17:16

The Hon. Charles L. Brieant, U.S.D.J.
October 11, 2007
Page 2

papers, including a motion for relief from the automatic stay. This local counsel requirement applies even were attorneys from this office granted admission *pro hac vice*. The plaintiff has been rendered totally disabled as a result of the subject motor vehicle accident and has been living on disability benefits since the accident. He cannot afford to retain a New Jersey attorney at this time. This office has searched for a way around New Jersey's local counsel requirement, to no avail. The bankruptcy judge's law clerk confirmed that the requirement is absolute.

Defendant Tiongson-Atienza's bankruptcy stays this action only as against her. The plaintiff is ready to proceed with this action as against the other defendant, Liberty Harley-Davidson/Buell, L.L.C. Counsel for said defendant and the undersigned have worked out a proposed discovery schedule, subject to the Court's approval, which will be submitted to the Court tomorrow morning, at the Initial Case Management Conference.

In light of the foregoing, it is respectfully requested that the Court grant the plaintiff additional time to contend with defendant Tiongson-Atienza's bankruptcy, while pursuing his claim against defendant Liberty Harley-Davidson/Buell, L.L.C.

Thank you kindly for your attention herein and consideration hereof.

Very truly yours,

*Debora Dillon*

Debora J. Dillon

DJD/pah                                                    **The Law Firm of William G. Sayegh, P.C.**

cc:   Fogarty, Felicione & Duffy, P.C. (by fax)

**SAYEGH LAW**