UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
JOHN A. FERRANTO,

                Plaintiff,                        Docket No.: 07 CIV 5986

      -against-                                  **ANSWER**

DIANNE Y. TIONGSON-ATIENZA and
LIBERTY HARLEY-DAVIDSON, LLC
a/k/a LIBERTY HARLEY DAVIDSON/BUELL,

                Defendants.
————————————————————————X

      Defendant, DIANNE Y. TIONGSON-ATIENZA, by her attorneys, WHITE FLEISCHNER & FINO, LLP, as and for her answer to the plaintiff's complaint, respectfully alleges:

### DEFENDANT'S RESPONSE TO
### JURISDICTION AND VENUE

    1.    Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "1" and "3".

    2.    Denies each and every allegation set forth in paragraphs numbered "4", "5", and "6", and leaves all matters of law to the honorable court.

### DEFENDANT'S RESPONSE TO
### JURY TRIAL

    3.    Denies each and every allegation set forth in paragraphs numbered "7", and leaves all matters of law to the honorable court.

### DEFENDANT'S RESPONSE TO
### STATEMENT OF FACTS

    4.    Denies each and every allegation set forth in paragraphs numbered "14".

    5.    Denies knowledge and information sufficient to form a belief as to those

allegations set forth in paragraphs numbered "8", "10", "12" and "13".

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S FIRST CAUSE OF ACTION

6. Defendant, DIANNE Y. TIONGSON-ATIENZA, repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "14" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "15".

7. Denies each and every allegation set forth in paragraphs numbered ""17", "18", "23", "24", "25", and "26".

8. Denies each and every allegation set forth in paragraphs numbered "16", "19", "20", "21" and "22", and leaves all matters of law to the honorable court.

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S SECOND CAUSE OF ACTION

9. Defendant, DIANNE Y. TIONGSON-ATIENZA, repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "26" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "27".

10. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "28", "29", "30", "31", "32", "33", "34", "35", "37", "38", "39" and "40".

11. Denies each and every allegation set forth in paragraphs numbered "36", and leaves all matters of law to the honorable court.

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S THIRD CAUSE OF ACTION

12. Defendant, DIANNE Y. TIONGSON-ATIENZA, repeats and reiterates each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "40" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "41".

10. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraphs numbered "42", "43", "44", "45", "46", "47", "48", "49" and "50".

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S DEMAND FOR JUDGMENT

11. Defendant denies all allegations contained in plaintiff's demand for judgment.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. Pursuant to CPLR Article 16, the liability of defendant, DIANNE Y. TIONGSON-ATIENZA, to the plaintiff herein for non-economic loss is limited to defendant's, DIANNE Y. TIONGSON-ATIENZA's, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his

activities and such risks were assumed and accepted by him in performing and engaging in said activities.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14. Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545(c).

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15. Any damages sustained by the plaintiff were caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16. Whatever injuries and/or damages sustained by the plaintiff at the time and place alleged in the complaint, were due to the acts of parties over whom the defendant was not obligated to exercise any control or supervision.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17. Plaintiff failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18. That plaintiff(s) does not have a "serious injury" as defined in §5102 and §5104

et. seq. of the New York Insurance Law and is therefore barred from maintaining this action.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19. That the defendant, DIANNE Y. TIONGSON-ATIENZA, exercised reasonable care in the operation of her vehicle.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20. That the plaintiff failed to use safety devices available to the plaintiff at the time of the events alleged in the plaintiff's complaint and the plaintiff's failure to use such devices was negligent and was a cause in whole or in part of the injuries sustained by plaintiff.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21. That the plaintiff could with due diligence have obtained personal jurisdiction over tortfeasors not made parties to this lawsuit and thus the culpability of such missing or absent tortfeasors is to be apportioned into the total culpability allegedly causing the subject occurrence.

WHEREFORE, defendant, DIANNE Y. TIONGSON-ATIENZA, demands judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
       December 4, 2007

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: _____
    DANIEL M. STEWART (DS 7989)
Attorneys for Defendant
DIANNE Y. TIONGSON-ATIENZA
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 117-12900-D-PAF/DMS

TO:    (See Attached Affidavit)

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss:

Wendy Jantz, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Staten Island, New York.

That on December 4, 2007, deponent served the within **ANSWER**, upon the attorneys and parties listed below by United States prepaid mail by placing same in a mailbox in the State of New York and by filing same via ECF:


TO:

Debora J. Dillon, Esq.
The Law Firm of William G. Sayegh, P.C.
Attorneys for Plaintiff
65 Gleneida Avenue
Carmel, New York 10512
(845) 228-4200

Patrick J. Fogarty, Esq.
Fogarty, Felicione & Duffy, P.C.
Attorneys for Defendant
Liberty Harley-Davidson, LLC
185 Willis Avenue
Mineola, New York 11501
(516) 747-7500

_____
Wendy Jantz

Sworn to before me this
4th day of December, 2007

_____
DANIEL M. STEWART
Notary Public, State of New York
No. 02ST5078049
Qualified in New York County
Commission Expires May 19, 20 11

*Index No.* 07 CIV 5986                                                                Year
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN A. FERRANTO,

                Plaintiff,

  -against-

DIANNE Y. TIONGSON-ATIENZA and
LIBERTY HARLEY-DAVIDSON, LLC
a/k/a LIBERTY HARLEY DAVIDSON/BUELL,

                Defendants.

## ANSWER

**WHITE FLEISCHNER & FINO, LLP**
*Attorneys for Defendant, DIANNE Y. TIONGSON-ATIENZA*
**61 BROADWAY
NEW YORK, N.Y. 10006
(212) 487-9700**

To:
Attorney(s) for

Service of a copy of the within       is hereby admitted.
Dated:

                                                      ..........................
                                                      *Attorney(s) for*

PLEASE TAKE NOTICE

☐    that the within is a (certified) true copy of a
       entered in the office of the clerk of the within named Court on
NOTICE OF
ENTRY

☐    that an Order of which the within is a true copy will be presented for settlement to the Hon.
       one of the judges of the within named Court, at , on , at  .
NOTICE OF
SETTLEMENT

Dated:

                                                              **WHITE FLEISCHNER & FINO, LLP**
                               *Attorneys for*
                                                            **61 BROADWAY
NEW YORK, N.Y. 10006**